# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Royal Data Services, Inc., by its attorneys, individually and on behalf of a plaintiff class (the "Class") described below, brings this civil action against Defendants for damages and injunctive relief under the antitrust laws of the United States and demands a trial by jury. Plaintiff alleges that Defendants conspired to fix, raise, maintain, and stabilize the price of cathode ray tubes ("CRTs") and products containing CRTs (jointly, "CRT Products"), as defined

below, sold in the United States from at least as early as January 1, 1998 to the present (the "Class Period"). In particular, Defendants intended to and did conspire to moderate the downward pressure on prices for CRT Products caused by the market entry of more advanced display panel products, specifically including Liquid Crystal Displays ("LCDs") and Plasma Display Panels ("PDPs"), both of which also were manufactured by Defendants named in this Complaint. As a result of Defendants' unlawful conduct, Plaintiff and members of the proposed Class paid higher prices for CRT Products than they would have paid in a competitive market. Plaintiff makes these allegations upon information and belief, except those allegations pertaining to Plaintiff and its business, which Plaintiff alleges upon personal knowledge.

## JURISDICTION AND VENUE

1.      Plaintiff brings this action to obtain injunctive relief and to recover damages, including treble damages, costs of suit and reasonable attorneys' fees, as a result of Defendants' violation of the Sherman Act, 15 U.S.C. § 1.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Sections 4(a) and 16 of the Clayton Act, 15 U.S.C. § 15 and 26, and 28 U.S.C. § 1331 and 1337.

3.      Venue is proper in this District pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391(b), (c) and (d) because several Defendants have their domestic headquarters in this venue and a substantial portion of the affected interstate trade and commerce discussed below has been carried out in this District.

4.      By virtue of their nationwide contacts and activities, Defendants are subject to the jurisdiction of this Court. Alternatively, there is jurisdiction over foreign Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2).

## DEFINITIONS

As used in this Complaint, the following terms have the following meanings.

5.     "CRT Products" means cathode ray tubes and products containing them sold during the Class Period.

6.     "Class Period" means the time period January 1, 1998 through the present.

7.     "Person" includes not only natural persons but also any other legal business entity, including without limitation corporations, partnerships and sole proprietorships.

8.     References made in this Complaint to any corporation include any predecessors, successors, parents, subsidiaries, affiliates and divisions of that corporation.

## THE PARTIES

### A.     The Plaintiff

9.     Plaintiff Royal Data Services, Inc., is a Hawaii corporation with its principal place of business at 2010 Pauoa Road, Honolulu, Hawaii.  Royal Data Services, Inc. purchased CRT Products directly from one or more of the Defendants during the Class Period, and has suffered antitrust injury as a result of Defendants' unlawful conduct as alleged in this Complaint.

### B.     The Defendants

10.     Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a South Korean corporation with its principal place of business at Samsung Main Building, 250-2 ga, Taepyung-ro Chung-gu, Seoul.  During the Class Period, Defendant Samsung Electronics manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

11.     Defendant Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company with its principal place of business at Samsung Life Insurance Bldg 150 Taepyungno 2-ga, Jung-gu, Seoul, Korea.  Samsung SDI is part of the global multinational corporate conglomerate the Samsung Group.  During the Class Period, Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

3

12.     Defendant Samsung Electronics America, Inc. ("Samsung America") is a New Jersey corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey.  Samsung America is a wholly-owned and controlled subsidiary of Defendant Samsung Electronics.  During the Class Period, Defendant Samsung America sold and distributed CRT Products throughout the United States.

13.     Defendants Samsung Electronics, Samsung SDI and Samsung America are referred to collectively in this Complaint as "Samsung" or the "Samsung Defendants."

14.     Defendant Matsushita Electric Industrial Co., Ltd. ("Matsushita Electric") is a Japanese electronics manufacturer based in Kadoma, Osaka Prefecture, Japan, with its principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka, Japan.  During the Class Period, Defendant Matsushita Electric manufactured, sold and distributed CRT Products to customers throughout the United States directly or through its subsidiaries and affiliates.

15.     Defendant Matsushita Toshiba Picture Display Co., Ltd. ("MT Picture Display"), a Japanese company, is a joint venture between Matsushita Electric and Toshiba Corporation and began operations on April 1, 2003.  Its principal place of business is at Reverge Shinagawa, 4-1-8 Konan, Minato-ku, Tokyo, Japan.  On March 30, 2007, the Matsushita Electric acquired the remaining 35.5% equity interest in MT Picture Display from Toshiba.  During the Class Period, Defendant MT Picture Display manufactured, sold and distributed CRT Products to customers throughout the United States directly or through its subsidiaries and affiliates.

16.     Defendant MT Picture Display Corp. of America ("MT Picture Display America") was a New York corporation with its principal place of business at Westinghouse Circle, Horseheads, New York.  In December 2004 it began closing/liquidation procedures.  MT Picture Display America was a wholly-owned and controlled subsidiary of Defendant MT Picture Display.  During the Class Period, Defendant MT Picture Display America sold and distributed CRT Products to customers throughout the United States.

17.     Defendants Matsushita Electric, MT Picture Display, MT Picture Display America and Panasonic are collectively referred to herein as "Matsushita" or the "Matsushita Defendants."

18.     Defendant Panasonic Corporation of North America ("Panasonic") is a Delaware corporation with its principal place of business at One Panasonic Way, Secaucus, New Jersey.  Panasonic is a wholly-owned subsidiary of Defendant Matsushita Electric.  During the Class Period, Panasonic sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

19.     Defendant Toshiba Corporation is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-Japan.  During the Class Period, Defendant Toshiba Corporation manufactured, sold and distributed CRT Products to customers throughout the United States directly or through its subsidiaries and affiliates.

20.     Defendant Toshiba America Consumer Products, LLC ("Toshiba America CP"), is a New Jersey company with its principal place of business at 82 Totowa Road, Wayne, New Jersey.  Toshiba America CP is a wholly-owned and controlled subsidiary of Defendant Toshiba Corporation.  During the Class Period, Defendant Toshiba America CP manufactured, sold and distributed CRT Products to customers throughout the United States.

21.     Defendants Toshiba Corporation and Toshiba America CP are referred to collectively in this Complaint as "Toshiba" or the "Toshiba Defendants."

22.     Defendant Orion Electric Co., Ltd. ("Orion Electric") is a Japanese company with its principal place of business at 41-1 Iehisa-cho Echizen-shi Fukui 915-8555, Japan.  Orion Electric currently manufactures CRT Products for Defendant Toshiba.  During the Class Period, Orion Electric manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

23.     Defendant Orion America, Inc. ("Orion America") is an Indiana corporation with its principal place of business at Hwy 41 North, Orion Place, Princeton, Indiana.  Orion America is a wholly-owned subsidiary of Defendant Orion Electric.  During the

Class Period, Orion America manufactured, sold, and distributed CRT Products throughout the United States.

24.     Defendants Orion Electric and Orion America are referred to collectively in this Complaint as "Orion" or the "Orion Defendants."

25.     Defendant Royal Philips Electronic N.V. ("Royal Philips"), is a Dutch entity with its principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.  In 2001, Royal Philips and Defendant LG Electronics Inc. entered into a joint venture to combine their CRT Products businesses.  The company, Defendant LP Displays, became an independent entity on April 1, 2007.   During the Class Period, Royal Philips manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

26.     Defendant Philips Electronics North America Corporation ("Philips Electronics NA") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York.  Defendant Philips Electronics NA is a wholly-owned subsidiary of Defendant Royal Philips.  During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the United States.

27.     Defendants Royal Philips and Philips Electronics NA are referred to collectively in this Complaint as "Philips" or the "Philips Defendants."

28.     Defendant LG Electronics Inc. ("LG Electronics") is a Korean corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea.  During the Class Period, LG Electronics manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

29.     Defendant LG Electronics U.S.A., Inc. ("LG USA") is a wholly-owned subsidiary of LG Electronics with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey.  During the Class Period, LG USA sold and distributed CRT Products throughout the United States.

30.     Defendant LP Displays International Ltd. ("LP Displays"), known as L.G.
Philips Displays prior to April 1, 2007, is a Chinese corporation with its principal place of
business at 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong,
China.  LP Displays is a joint venture created in 2001 by Defendants LG Electronics and Royal
Philips combining their CRT businesses.  Defendant LP Displays maintains sales offices in
California, Illinois, North Carolina and Texas.  During the Class Period, Defendant LP Displays,
manufactured, sold and distributed CRT Products throughout the United States.

31.     Defendants LG Electronics, LG USA, and LP Displays are referred to
collectively in this Complaint as "LG" or the "LG Defendants."

32.     Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a Taiwanese
corporation with its principal place of business at No.1127, Heping Rd, Bade City, Taoyuan,
Taiwan.  Defendant Chunghwa is a partially-owned subsidiary of non-party Tatung Company, a
Taiwanese corporation.  During the Class Period, Defendant Chunghwa manufactured, sold and
distributed CRT Products to customers throughout the United States directly or through its
subsidiaries and affiliates.

33.     Defendant Tatung Company of America, Inc. ("Tatung America") is a
California corporation with its principal place of business at 2850 El Presidio Street, Long
Beach, CA.  Tatung America is a wholly-owned subsidiary of Tatung Company.  During the
Class Period, Defendant Tatung Company of America manufactured, sold and distributed CRT
Products to customers throughout the United States.

34.     Defendants Chunghwa and Tatung America are referred to collectively in
this Complaint as "Chunghwa" or the "Chunghwa Defendants."

35.     Defendant TPV Technology Ltd. Co.("TPV Technology") is a Chinese
corporation with its principal place of business at Harcourt House, 21st Fl., Room 2108, 39
Gloucester Rd., Wanchai, Hong Kong, China.  TPV Technology describes itself as the world's
largest producer of CRT monitors.  TPV Technology has a series of joint ventures with
Defendant Philips.  During the Class Period, Defendant TPV Technology manufactured, sold and

7

distributed CRT Products to customers throughout the United States directly or through its subsidiaries and affiliates.

36.     Defendant TPV International (USA), Inc. ("TPV USA"), a Texas corporation, is a subsidiary of Defendant TPV Technology with its principal place of business at 3737 Executive Center Dr, Austin, Texas.  During the Class Period, Defendant TPV USA sold and distributed CRT Products to customers throughout the United States.

37.     Defendants TPV Technology and TPV USA are referred to collectively in this Complaint as "TPV" or the "TVP Defendants."

38.     Defendant Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chrome, Chiyoda-ku, Tokyo, 100-8280, Japan.  During the Class Period, Hitachi manufactured, sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

39.     Defendant Hitachi America, Ltd. ("Hitachi America") is a New York corporation with its principal place of business at 50 Prospect Ave., Tarrytown, New York. Hitachi America is a wholly-owned subsidiary of Defendant Hitachi.  During the Class Period, Hitachi America sold and distributed CRT Products throughout the United States.

40.     Defendant Hitachi Asia, Ltd. ("Hitachi Asia") is a Singaporean company with its principal place of business at 16 Collyer Quay, #20-00 Hitachi Tower, Singapore 049318.  Hitachi Asia is a wholly-owned subsidiary of Defendant Hitachi.  During the Class period Hitachi Asia sold and distributed CRT Products throughout the United States directly or through its subsidiaries and affiliates.

41.     Defendants Hitachi Ltd., Hitachi America and Hitachi Asia are referred to collectively in this Complaint as "Hitachi" or the "Hitachi Defendants."

## CO-CONSPIRATORS

42.     Other persons and entities, presently unknown to Plaintiff, may have participated as co-conspirators with Defendants in the violations of law alleged in this Complaint and may have engaged in conduct and made statements in furtherance thereof.

43.     The acts charged in this Complaint to have been done by Defendants and their co-conspirators were authorized, ordered or done by their respective officers, agents, employees or representatives while actively engaged in the management of each Defendant's business or affairs.

44.     Each Defendant named in this Complaint acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein. Each Defendant which is a U.S. subsidiary of a foreign parent acted as the sole United States agent for CRTs and CRT Products made by its parent company.

### CLASS ACTION ALLEGATIONS

All persons who, from January 1, 1998 through the present, purchased CRT Products in the United States directly from the Defendants or any subsidiaries or affiliates thereof. Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

45.     Based upon the nature of the trade and commerce involved, Plaintiff believes that the members of the Class number in the thousands, and therefore is sufficiently numerous that joinder of all Class members is not practicable.

46.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff directly purchased CRT Products from one or more of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class. Moreover, the relief sought is common to the Class.

47.     The following questions of law or fact, among others, are common to all members of the Class:

  i.     Whether Defendants combined or conspired to fix, raise, maintain or stabilize the prices of, or allocate the market for, CRT Products;

ii.    Whether Defendants' combination or conspiracy caused CRT Product prices to be higher than they would have been in the absence of Defendants' conduct;

iii.   The scope and extent of Defendants' combination or conspiracy;

iv.   Whether Defendants' conduct violated Section 1 of the Sherman Act;

v.    Whether Defendants' conduct caused injury to the business or property of Plaintiff and the members of the Class;

vi.   The appropriate measure of the amount of damages suffered by the Class; and

vii.   The appropriate nature of class-wide equitable relief.

48.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class

49.    Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent itself and the Class.

50.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all Class members is impractical. The damages suffered by individual Class members may be relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management

difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

51. Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## TRADE AND COMMERCE

52. At the risk of oversimplifying, a Cathode Ray Tube ("CRT") is a specialized vacuum tube in which images are produced when an electron gun contained within the tube produces an electron beam which strikes a phosphorescent surface or screen. CRT technology has been in use for more than 100 years. CRTs are used in, among other things, television sets, computers, automated teller machines, video game machines, video cameras, monitors, oscilloscopes and radar displays. CRTs are useful for displaying photos with a high pixels per unit area and correct color balance, and for having large desktop area concentrated into a small screen.

53. CRTs were first used in television sets for mass market in the late 1940s. For the next fifty years CRTs were the dominant technology used in displays, including but not limited to televisions and computer monitors. CRTs manufactured by Defendants are interchangeable with one another.

54. For decades and into the 1990s, CRTs were the dominant display technology worldwide. However, in the last decade, newer technologies such as Liquid Crystal Displays ("LCDs") and Plasma Display Panels ("PDPs") have eroded the demand for CRT televisions. The ability of these new displays to operate with a higher quality while being overall less bulky has made them more popular with consumers.

55. Sales of CRT Products began to decline in full force in 2000. Sales projections from then on indicated additional decreases. Matsushita revealed in its projections that it expects industry-wide sales to fall to 69 million units globally by 2010 from 112 million units in 2006. While demand for CRT Products continued to fall in the United States due to

LCDs and PDPs, Defendants conspired to stem and reduce the price decline for CRT Products which would naturally have occurred but for Defendants' conspiracy. As a result, despite an increase in sales of competitive products, CRT Products experienced unexplained price sustainability during the Class Period.

56.     Economic theory would indicate that flat and increasing prices for CRTs are inconsistent with a competitive market for a product where demand is rapidly decreasing due to advanced technologies. Thus, Defendants' conspiracy was intended to and did moderate and stem the normal downward pressure on prices for CRT Products caused by the entry of the new generation of competing products. In fact, during the Class Period, not only were there unexplained periods of sustained price stability, at times prices for CRT Products inexplicably increased, notwithstanding their impending obsolescence and declining demand. These periods of price stability and price increases are fundamentally inconsistent with a competitive market where demand for CRT Products was decreasing because of the introduction of newer and superior technology.

57.     CRTs still remain popular in schools and other public areas due to price and durability. Global sales of CRT Products remains strong due to demand in developing countries and are estimated at $4.43 billion according to estimates in the Japanese media.

58.     Throughout the relevant time covered by this Complaint, Defendants and their co-conspirators engaged in the business of marketing and selling CRT Products throughout the United States. During the Class Period, total sales of CRT Products were in the billions of dollars.

### CRTs ARE AN OLIGOPOLISTIC INDUSTRY

59.     The market for the manufacture and sale of CRT Products is conducive to the type of collusive activity Plaintiff alleges in this Complaint. The CRT Product market is oligopolistic in nature. Three companies in 2002 controlled approximately 62 percent of the CRT market: Defendants LP Displays, Samsung, and Chunghwa. A group of Japanese producers including Hitachi and Toshiba control an additional 15% of the CRT Product market.

60.  Together these Defendants control over 75% of the CRT market.

61.  Since 2000, consolidations and manufacturing agreements shrunk the number of competitors in the CRT market. First, Defendants Philips and LG Electronics combined their CRT businesses to form LP Displays (formerly, LG Philips Displays) in 2001. Second, Defendants Toshiba and Matsushita combined some CRT businesses to form MT Picture Displays in 2002. Lastly, Defendant Orion agreed with Toshiba to manufacture any remaining Toshiba CRT Products, removing Toshiba's capacity from the market.

## COOPERATION AMONG DEFENDANTS

62.  The leading Defendants have long dominated most electronic product markets. These Defendants have participated in a variety of group enterprises. Defendant TPV Technology has a series of joint ventures with Defendant Philips. Defendant Philips, as mentioned, has had joint ventures with Defendant LG Electronics. Defendant Chunghwa has a joint venture with Defendant Samsung for the production of LCDs. Defendant LG Electronics and Hitachi entered into a joint venture in 2000 for the production of optical storage products such as DVD drives.

63.  Collusive behavior within the highly concentrated CRT Product market is facilitated by Defendants' membership in trade organizations within the industry. Defendants Chunghwa, Hitachi, and Samsung are all members of the *Society for Information Display*. Defendants Samsung and LG Electronics are two of the co-founders of the *Korea Display Industry Association*. Defendants Orion, LG Electronics, LP Displays, and Samsung are members of the *Electronic Display Industrial Research Association*. Defendants facilitated the conspiracy by sharing sensitive competitive trade information at association meetings and through trade group relationships.

64.  Cathode Ray Tubes are a homogenous product sold by Defendants and purchased by Plaintiff and members of the class primarily on the basis of price.

## DEFENDANTS' ILLEGAL CONDUCT

65.     In July 2003, Defendant Mitsubishi Electric closed a Mexican CRT plant with annual capacity for 2.7 million CRTs just 5 years after it opened.

66.     On June 1, 2004, Defendant LG Electronics raised the prices of its 15-inch and 17-inch CRT monitors in India, attributing the need for a price increase to a shortage of glass.

67.     According to a June 10, 2004 media account, Defendants Samsung SDI, LP Displays and Chunghwa were said to have planned a 6-8% price hike for CRT monitors in 2Q 2004. Reports indicated a similar price increase by the same Defendants on April 22, 2004.

68.     In December 2004, Defendant MT Picture Displays closed American subsidiary operations in New York as part of a "global restructuring … in the CRT business." Going forward, CRTs for the North American market would be supplied by different manufacturing locations.

69.     In December 2004, Defendant Toshiba announced that it would discontinue manufacturing traditional CRT televisions. Toshiba subsequently used Defendant Orion to manufacture Toshiba-brand CRT televisions.

70.     In July 2005, Defendant LG Philips ended production at its Durham, England facility, referencing shifting demand from Europe to Asia.

71.     Defendant MT Displays announced in December 2005 that by early 2006 it would close its subsidiary's operations in Ohio and Germany, also referencing shifting demand to Asia.

72.     During the Class Period, CRT technology was in the mature phase of its development. Costs of production had diminished. However, throughout the period and contrary to economic theory, prices did not decrease and remained stable for several years.

73.     On November 9, 2007, Matsushita Electric Industrial Co. Ltd confirmed that Japan's Fair Trade Commission had begun a probe of its CRT subsidiary, MT Picture Display Co. Ltd. and had raided its Osaka offices. Samsung also confirmed that South Korean

authorities were probing its CRT Products business. News agencies also reported investigator visits to LP Displays, formerly LG Phillips Displays.

74.     Also on November 9, 2007, the European Commission released a statement announcing inspections of unnamed CRT makers. Reports from Japan indicated that US authorities are also involved in the probe.

75.     On November 13, 2007, Defendant Chunghwa Picture Tubes announced that the company had received a summons from the United States Department of Justice ("DOJ") over a cathode-ray tube price-fixing issue, according to the company's filing with the Taiwan Stock Exchange ("TSE").

76.     On November 21, 2007, Bloomberg.com reported that antitrust authorities for several jurisdictions are investigating Defendant Philips for price-fixing in the cathode-ray tube market.

77.     One Defendant, Samsung, has already pled guilty to price-fixing in the DRAM market and has paid substantial fines to the DOJ for that unlawful activity.

78.     Defendants and their co-conspirators have engaged in a combination or conspiracy, the effect of which was to raise the prices at which they sold CRT Products to artificially inflated levels.

79.     Defendants, through their officers, directors and employees, effectuated their combination or conspiracy among themselves and their co-conspirators by, among other things:

    a.      Participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of CRT Products in the United States;

    b.      Agreeing, during those meetings and conversations and elsewhere, to charge prices at specified levels and otherwise to increase and maintain prices of CRT Products sold in the United States;

c.      Issuing price announcements and quotations in accordance with the agreements reached; and

d.      Selling CRT Products to various customers in the United States at non-competitive prices.

80.     While average CRT prices began to decline somewhat at the end of 2003, the cartel created by Defendants operated to mitigate those declines so that prices were still at supracompetitive levels. Defendants' collusive activity still continues and has had the effect of keeping prices at supracompetitive levels.

## ACTIVE CONCEALMENT

81.     Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff and other members of the Class. Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their higher-level executives. Defendants' conspiracy was by its nature self-concealing. Moreover, Defendants and their co-conspirators publicly and affirmatively provided pretextual and false justifications regarding their pricing decisions. Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.

82.     Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, which it exercised, that Defendants and their co-conspirators were violating the antitrust laws as alleged in this Complaint until shortly before the filing of this Complaint.

83.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations in this Complaint have been tolled.

## CLAIM FOR VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

84. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

85. Beginning at a time presently unknown to Plaintiff, but at least as early as January 1, 1998 and continuing through the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for CRT Products in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

86. In formulating and carrying out their alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

    a. To fix, raise, maintain and stabilize the price of CRT Products; and

    b. To allocate markets for CRT Products among themselves.

87. Defendants' combination and conspiracy alleged in this Complaint has had the following effects, among others:

    a. Price competition in the sale of CRT Products has been restrained, suppressed, and/or eliminated in the United States;

    b. Prices for CRT Products sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

    c. Those who purchased CRT Products directly or indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

88. Plaintiff has been injured and will continue to be injured in its business and property by paying more for CRT Products purchased directly from the Defendants and their

co-conspirators than it would have paid and will pay in the absence of Defendants' combination and conspiracy.

89.     Plaintiff and the class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

1.     That the Court determine that the claims alleged in this Complaint may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and that Plaintiff is an adequate representative of the Class;

2.     That Defendants' unlawful combination or conspiracy alleged in this Complaint be adjudged and decreed to be a restraint of trade or commerce in violation of Section 1 of the Sherman Act;

3.     That Plaintiff and the Class recover damages, as provided by federal antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered against Defendants and each of them in an amount to be trebled in accordance with such laws;

4.     That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner:  (1) continuing, maintaining, or renewing the combination or conspiracy alleged in this Complaint, or from entering into any other conspiracy similar to that alleged in this Complaint, or from entering into any other combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; and (2) communicating or causing to be communicated to any other person

engaged in the sale of CRT Products, information concerning bids of competitors;

5. That Plaintiff and members of the Class be awarded pre- and post-judgment interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action;

6. That Plaintiff and members of the Class recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

7. That Plaintiff and members of the Class have such other, further relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: January 2, 2008

Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS LLC**

By: _____/s Lisa J. Rodriguez_____
Lisa J. Rodriguez
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002
(856) 795-9887 - facsimile

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
(612) 339-6900
(612) 339-0981 - facsimile
***Counsel for Plaintiff and the Putative Class***

Anthony P. La Rocco (APL 5986)
Mark D. Marino (MDM 7587)
**KIRKPATRICK & LOCKHART**
**PRESTON GATES ELLIS LLP**
One Newark Center - Tenth Floor
Newark, New Jersey 07102
Tel. (973) 848-4000
Fax. (973) 848-4001
*Attorneys for Defendant*
*TPV International (USA), Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**DOCUMENT ELECTRONICALLY FILED**

| | |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated, | Case No. 2:08-cv-00039 |
| Plaintiff, | Honorable Joseph A. Greenaway, Jr., U.S.D.J. |
| v. | Honorable Madeline Cox Arleo, U.S.M.J. |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.;  TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.; | **APPLICATION TO EXTEND TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND PURSUANT TO L. CIV. R. 6.1(b)** |
| Defendants. | |

Application is hereby made for a Clerk's Order extending the time within which defendant TPV International (USA), Inc. ("TPV"), located at 3737 Executive Center Drive, Suite 261, Austin, Texas, may answer, move, or otherwise reply to the Class Action Complaint filed by plaintiff Royal Data Services, Inc. herein and it is represented that:

1.      No previous extension has been sought or obtained in this Court.

2.      TPV was served with the Summons and Complaint in this matter via process server on January 10, 2008.

3.      The time to answer, move, or otherwise respond expires on the January 30, 2008.

4.      It is respectfully requested that, pursuant to Local Civil Rule 6.1(b), TPV's time to answer, move or otherwise reply be extended for a period of 15 days up to and including February 14, 2008.

Respectfully submitted,

**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**
*Attorneys for Defendant
TPV International (USA), Inc.*

By:    /s/ Mark D. Marino
        Mark D. Marino (MDM-7587)
        Anthony P. La Rocco (APL 5986)

Dated:  January 29, 2008

## **ORDER**

The above application is ORDERED GRANTED.


ORDER DATED: _____


                              WILLIAM T. WALSH, CLERK


                              By:_____

## **CERTIFICATE OF SERVICE**

I, Mark D. Marino, hereby certify that on January 29, 2008, I caused a true copy of the within Application to Extend Time to Answer, Move, or Otherwise Respond Pursuant to L. Civ. R. 6.1(b) and this Certificate of Service to be served electronically via the ECF filing system upon:

> Lisa J. Rodriguez, Esq.
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002
> *Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

> _/s/ Mark D. Marino _____
> Mark D. Marino (MDM- 7587)

Dated: January 29, 2008

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

### DEFENDANTS

SAMSUNG ELECTRONICS, INC.
(SEE ATTACHMENT A FOR A LIST OF REMAINING DEFENDANTS)

**(b)** County of Residence of First Listed Plaintiff    Honolulu
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lisa J. Rodriguez , Trujillo Rodriguez & Richards, LLC,
8 Kings Highway W, Haddonfield, NJ 08033/856- 795-9002

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1
Brief description of cause:
This is an antitrust claim for conspiracy to fix prices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ To be determined at trial but in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE    January 2, 2008    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ATTACHMENT A

SAMSUNG ELECTRONICS CO., LTD.
SAMSUNG SDI CO., LTD.
SAMSUNG ELECTRONICS AMERICA, INC.
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.
MT PICTURE DISPLAY CORP. of AMERICA
PANASONIC CORPORATION of NORTH AMERICA
TOSHIBA CORPORATION
TOSHIBA AMERICA CONSUMER PRODUCTS, LLC
ORION ELECTRIC CO., LTD.
ORION AMERICA, INC.
ROYAL PHILIPS ELECTRONIC N.V.
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION
LG ELECTRONICS INC.
LG ELECTRONICS U.S.A., INC.
LP DISPLAYS INTERNATIONAL LTD.
CHUNGHWA PICTURE TUBES, LTD.
TATUNG COMPANY of AMERICA, INC.
TPV TECHNOLOGY LTD. Co.
TPV INTERNATIONAL (USA), INC.
HITACHI, LTD.
HITACHI AMERICA, LTD.
HITACHI ASIA, LTD.

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00039-JAG-MCA

ROYAL DATA SERVICES, INC. v. SAMSUNG
ELECTRONICS CO., LTD. et al
Assigned to: Judge Joseph A. Greenaway, Jr.
Referred to: Magistrate Judge Madeline C. Arleo
Cause: 15:1 Antitrust Litigation

Date Filed: 01/02/2008
Date Terminated: 03/27/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**ROYAL DATA SERVICES, INC.**
*on behalf of itself and all others
similarly situated*

represented by **LISA J. RODRIGUEZ**
TRUJILLO, RODRIGUEZ &
RICHARDS, LLP
8 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033
(856) 795-9002
Email: lisa@trrlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SAMSUNG ELECTRONICS CO.,
LTD.**

**Defendant**

**SAMSUNG SDI CO., LTD.**

**Defendant**

**SAMSUNG ELECTRONICS
AMERICA, INC.**

**Defendant**

**MATSUSHITA ELECTRIC
INDUSTRIAL CO., LTD.**

**Defendant**

**MATSUSHITA TOSHIBA
PICTURE DISPLAY CO., LTD.**

**Defendant**

**MT PICTURE DISPLAY CORP. OF
AMERICA**

<u>Defendant</u>

**PANASONIC CORPORATION OF
NORTH AMERICA**

represented by **RICHARD H. EPSTEIN**
SILLS, CUMMIS, ESPTEIN &
GROSS, PC
ONE RIVERFRONT PLAZA
13TH FLOOR
NEWARK, NJ 07102
973-643-7000
Email: repstein@sillscummis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**TOSHIBA CORPORATION**

<u>Defendant</u>

**TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC**

<u>Defendant</u>

**ORION ELECTRIC CO., LTD.**

<u>Defendant</u>

**ORION AMERICA, INC.**

<u>Defendant</u>

**ROYAL PHILIPS ELECTRONIC
N.V.**

<u>Defendant</u>

**PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION**

<u>Defendant</u>

**LG ELECTRONICS, INC.**

<u>Defendant</u>

**LG ELECTRONICS U.S.A., INC.**

<u>Defendant</u>

**LP DISPLAYS INTERNATIONAL
LTD.**

<u>Defendant</u>

**CHUNGHWA PICTURE TUBES,
LTD.**

**Defendant**

**TATUNG COMPANY OF
AMERICA, INC.**

**Defendant**

**TPV TECHNOLOGY LTD., CO.**

**Defendant**

**TPV INTERNATIONAL (USA),
INC.**

represented by **MARK D. MARINO**
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS
ONE NEWARK CENTER
10TH FLOOR
NEWARK, NJ 07102
973-848-4000
Email: mark.marino@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HITACHI, LTD.**

**Defendant**

**HITACHI AMERICA, LTD.**

**Defendant**

**HITACHI ASIA, LTD.**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/02/2008 | 1 | COMPLAINT against PANASONIC CORPORATION OF NORTH AMERICA, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, LLC, ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LP DISPLAYS INTERNATIONAL LTD., CHUNGHWA PICTURE TUBES, LTD., TATUNG COMPANY OF AMERICA, INC., TPV TECHNOLOGY LTD., CO., TPV INTERNATIONAL (USA), INC., HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SDI CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD., MT PICTURE DISPLAY CORP. OF AMERICA ( Filing fee $ 350 receipt number 1798583.) JURY DEMAND, filed by ROYAL DATA SERVICES, INC.. (Attachments: # 1 Summons # 2 Civil Cover Sheet)(ld, ) (Entered: 01/07/2008) |
| 01/07/2008 | 2 | Summons Issued as to PANASONIC CORPORATION OF NORTH |

| | | |
|---|---|---|
| | | AMERICA, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, LLC, ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LP DISPLAYS INTERNATIONAL LTD., CHUNGHWA PICTURE TUBES, LTD., TATUNG COMPANY OF AMERICA, INC., TPV TECHNOLOGY LTD., CO., TPV INTERNATIONAL (USA), INC., HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SDI CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD., MT PICTURE DISPLAY CORP. OF AMERICA.Days Due - 20. (SUMMONS MAILED TO COUNSEL) (ld, ) (Entered: 01/07/2008) |
| 01/14/2008 | 7 | MEMORANDUM in support of motion to transfer and consolidate filed by ROYAL DATA SERVICES, INC. & OK TV & APPLIANCES, LLC (Attachments: # 1 Exhibits# 2 Exhibits)BRIEF (nr, ) (Entered: 01/18/2008) |
| 01/16/2008 | 3 | AFFIDAVIT of Service for Summons and Complaint served on Samsung Electronics America, Inc., Panasonic Corp. of North America, Hitachi America, Ltd., Orion America, Inc., Toshiba America Consumer Products, LLC and Philips Electronics North America Corp. on January 8, 2008, filed by ROYAL DATA SERVICES, INC.. (Attachments: # 1 Panasonic Corp. of North America's Affidavit of Service# 2 Hitachi America, Ltd.'s Affidavit of Service# 3 Orion America, Inc.'s Affidavit of Service# 4 Toshiba America Consumer Products, Inc.'s Affidavit of Service# 5 Philips Electronics North America Corp.'s Affidavit of Service)(RODRIGUEZ, LISA) (Entered: 01/16/2008) |
| 01/16/2008 | 4 | AFFIDAVIT of Service for Summons and Complaint served on LG Electronics USA, Inc. on January 9, 2008, filed by ROYAL DATA SERVICES, INC.. (RODRIGUEZ, LISA) (Entered: 01/16/2008) |
| 01/16/2008 | 5 | AFFIDAVIT of Service for Summons and Complaint served on TPV International (USA), Inc. on January 10, 2008, filed by ROYAL DATA SERVICES, INC.. (RODRIGUEZ, LISA) (Entered: 01/16/2008) |
| 01/16/2008 | 8 | Copy of RESPONSE to pltf. Cargo's motion for transfer and consolidation by Wettstein and Sons. (nr, ) (Entered: 01/18/2008) |
| 01/17/2008 | | Update Answer Due Deadline as to defts. Samsung Electronics America, Inc., Panasonic Corp.of North America, Hitachi America, Orion America, Toshiba America Consumer Products, and Philips Electronics North America to 1/28/2008 (nr, ) (Entered: 01/17/2008) |
| 01/17/2008 | | Update Answer Due Deadline as to LG Electronics USA, Inc. to 1/29/2008 (nr, ) (Entered: 01/17/2008) |
| 01/17/2008 | | Update Answer Due Deadline as to TPV International (USA) Inc. to 1/30/2008 (nr, ) (Entered: 01/17/2008) |
| 01/17/2008 | 6 | MOTION for Extension of Time to Amend , *move or otherwise respond to Plaintiff's Complaint* by PANASONIC CORPORATION OF NORTH AMERICA. (EPSTEIN, RICHARD) (Entered: 01/17/2008) |

| 01/24/2008 | 9 | STIPULATION AND ORDER extending deft. Panasonic Corporation's time to answer to forty five days after the filing of a consolidated amended complt. in the CRT cases; etc.. Signed by Judge Madeline C. Arleo on 01/18/2008. (nr, ) (Entered: 01/24/2008) |
| 01/29/2008 | 10 | Application and Proposed Order for Clerk's Order to extend time to answer as to TPV International (USA), Inc.. Attorney MARK D. MARINO and MARK D. MARINO for TPV INTERNATIONAL (USA), INC. added. (MARINO, MARK) (Entered: 01/29/2008) |
| 01/31/2008 | 11 | MOTION for Extension of Time to File Answer *, move or otherwise respond to Plaintiff's complaint* by PANASONIC CORPORATION OF NORTH AMERICA. (EPSTEIN, RICHARD) (Entered: 01/31/2008) |
| 01/31/2008 | | DOCUMENT NO. 11 ENTERED IN ERROR per attorney (nr, ) (Entered: 01/31/2008) |
| 01/31/2008 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document 10 submitted by M. MARINO on 01/29/2008 has been GRANTED. The answer due date has been set for 2/14/2008 (nr, ) (Entered: 01/31/2008) |
| 03/24/2008 | 12 | MDL ORDER transferring action to Northern District of California. Signed by Judge No Judge Assigned on 03/24/2008. (nr, ) (Entered: 03/27/2008) |
| 03/27/2008 | | ***Civil Case Terminated. (nr, ) (Entered: 03/27/2008) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 04/29/2008 12:17:52 | | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00039-JAG-MCA Start date: 1/1/1970 End date: 4/29/2008 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:** Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

**THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)**
Panel Fax No.: (202) 502-2888

MDL DOCKET No.    1917 - In Re Cathode Ray Tube (CRT) Antitrust Litigation

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant—attach list if necessary):**

Plaintiffs Royal Data Services, Inc. and OK TV &  Appliances, LLC

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).— attach list if necessary):**

Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.;
Case No. 2:08-CV-39-JAG-MCA (D. NJ).

OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.;
Case No. (number pending) (D. NJ).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated.  I am aware that only one attorney can be designated for each party.

January 9, 2008
_____
Date

_____
Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

W. Joseph Bruckner
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401

Telephone No.: (612) 339-6900

Fax No.: (612) 339-0981

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

#377259

JPML Form 18

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) | MDL Docket No. 1917 |

## RULE 5.3 CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 5.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff OK TV & Appliances, LLC states that it has no parent, affiliate, or subsidiary of any kind.

Dated: January 9, 2008

Respectfully Submitted,

**LOCKRIDGE GRINDAL NAUEN, P.L.L.P.**

W. Joseph Bruckner
Elizabeth R. Odette
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

*Counsel for Plaintiff*
*OK TV & Appliances, LLC*

377158-1

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 JAN 10  P 6 13

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) | MDL Docket No. 1917 |

## RULE 5.3 CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 5.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Royal Data Services, Inc. states that it has no parent, affiliate, or subsidiary of any kind.

Dated: January 9, 2008

Respectfully submitted,

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

W. Joseph Bruckner
Elizabeth R. Odette
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

*Counsel for Plaintiff*
*Royal Data Services, Inc.*

366984-1

MDL DOCKET NO. 1917

THIS FORM MUST BE RETURNED
TO THE JUDICIAL PANEL NO
LATER THAN **JANUARY 11, 2008**

TO:    Clerk of the Panel
       Judicial Panel on Multidistrict Litigation
       One Columbus Circle, NE
       Thurgood Marshall Federal Judiciary Building
       Room G-255, North Lobby
       Washington, DC 20002-8004

### NOTICE OF PRESENTATION OR WAIVER OF ORAL ARGUMENT

**X**

This is to give notice that the following designated attorney shall PRESENT ORAL ARGUMENT at the Panel hearing session on behalf of the designated party/parties. Panel Rule 16.1(e) states that:

> Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

> Also note Rule 16.1(f) requiring counsel with like positions to confer prior to the oral argument for the purpose of selecting a spokesperson to avoid duplication during oral argument.

_____

This is to give notice that the party/parties noted hereafter will WAIVE ORAL ARGUMENT pursuant to Rule 16.1(d).

_____

This is to give notice that the party/parties noted hereafter will WAIVE ORAL ARGUMENT IF ALL OTHER PARTIES IN THIS MATTER WAIVE ORAL ARGUMENT; otherwise the following designated attorney shall present oral argument at the Panel hearing session on behalf of the designated party/parties pursuant to Rule 16.1(d).

| January 9, 2008 | W. Joseph Bruckner | |
|---|---|---|
| Date | Name | Authorized Signature |

Party/Parties Represented, District(s) & Civil Action Number(s) **(list even if waiving):**

Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.;
Case No. 2:08-CV-39-JAG-MCA (D. NJ).

OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.;
Case No. (number pending) (D. NJ).

Name and Address of Attorney Designated to Present Oral Argument:

W. Joseph Bruckner
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

Telephone No.: (612) 339-6900

ORIGINAL ONLY OF ORAL ARGUMENT APPEARANCE NEEDED FOR FILING. *THIS NOTICE MUST BE SERVED ON ALL OTHER PARTIES IN THE AFFECTED LITIGATION AND A CERTIFICATE OF SERVICE WITH PANEL SERVICE LIST MUST BE ATTACHED TO THIS ORAL ARGUMENT APPEARANCE.*

#377294

JPML Form 9 (4/01)

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE CATHODE RAY TUBE (CRT)<br>ANTITRUST LITIGATION | ) <br> ) <br> )     MDL Docket No. 1917 <br> ) <br> ) <br> ) |

## SCHEDULE OF PENDING ACTIONS

At present, the litigation consists of the following additional three actions[1]:

1)    Two cases filed in the District of New Jersey:

        a.    *Royal Data Services, Inc., on behalf of itself and all others similarly situated v. Samsung Electronics Co., Ltd., Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Matsushita Electric Industrial Co., Ltd., Matsushita Toshiba Picture Display Co., Ltd., MT Picture Display Corp. of America, Panasonic Corporation of North America, Toshiba Corporation, Toshiba America Consumer Products, LLC, Orion Electric Co., Ltd., Orion America, Inc., Royal Philips Electronic N. V., Philips Electronics North America Corporation, LG Electronics, Inc., LG Electronics U.S.A., Inc., LP Displays International Ltd., Chunghwa Picture Tubes, Ltd., Tatung Company of America, Inc., TPV Technology Ltd., Co., TPV International (USA), Inc., Hitachi, Ltd., Hitachi America, Ltd., and Hitachi Asia, Ltd.*, Case No. 2:08-CV-39-JAG-MCA (D. NJ), Judge Joseph A. Greenaway, Jr., (filed January 2, 2008) (Direct Purchaser Action); and

b.  *OK TV & Appliances, LLC, on behalf of itself and all others similarly situated v. Samsung Electronics Co., Ltd., Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Matsushita Electric Industrial Co., Ltd., Matsushita Toshiba Picture Display Co., Ltd., MT Picture Display Corp. of America, Panasonic Corporation of North America, Toshiba Corporation, Toshiba America Consumer Products, LLC, Orion Electric Co., Ltd., Orion America, Inc., Royal Philips Electronic N. V., Philips Electronics North America Corporation, LG Electronics, Inc., LG Electronics U.S.A., Inc., LP Displays International Ltd., Chunghwa Picture Tubes, Ltd., Tatung Company of America, Inc., TPV Technology Ltd., Co., TPV International (USA), Inc., Hitachi, Ltd., Hitachi America, Ltd., and Hitachi Asia, Ltd.*, Case No. **number pending** (D. NJ), (filed January 7, 2008) (Direct Purchaser Action); and

2)  One case filed in the District of South Carolina:

a.  *Greg A. Glanz, on behalf of himself and all others similarly situated v. Chunghwa Picture Tubes, Ltd., Tatung Company of America Inc., L.G. Electronics Inc., LG Philips Display USA Inc., Matsushita Electric Industrial Co., Ltd., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Samsung Electronics Co., Samsung Electronics America Inc., Samsung SDI Co. Ltd. formerly known as Samsung Display Device Co., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), and LP Displays*, Case No. 4:07-CV-4175-TLW (D. SC), Judge Terry L. Wooten, (filed December 31, 2007) (Indirect Purchaser Action).

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 JUN 10 P 6 13

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) |  MDL Docket No. 1917 |

## CERTIFICATE OF SERVICE

I, W. Joseph Bruckner, hereby certify that on January 9, 2008, I caused copies of the documents detailed below to be served upon the counsel listed on the attached service list, via U.S. first-class mail:

1. Notice of Appearance of W. Joseph Bruckner for Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC;

2. Notice of Presentation or Waiver of Oral Argument for W. Joseph Bruckner;

3. Rule 5.3 Corporate Disclosure Statement for Royal Data Services, Inc.

4. Rule 5.3 Corporate Disclosure Statement for OK TV & Appliances, LLC;

5. Memorandum of Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC in Support of Motion for Transfer and Consolidation of Related Antitrust Class Actions to the District Of New Jersey Pursuant to 28 U.S.C. § 1407;

6. Schedule of Pending Actions; and

7.     Certificate of Service.

Dated: January 9, 2008                    Respectfully submitted,

                                          LOCKRIDGE GRINDAL NAUEN P.L.L.P.


                                          _____
                                          W. Joseph Bruckner
                                          Elizabeth R. Odette
                                          100 Washington Avenue South
                                          Suite 2200
                                          Minneapolis, MN  55401
                                          Telephone:    (612) 339-6900
                                          Facsimile:    (612) 339-0981
                                          *Attorneys for Plaintiff Royal Data Services, Inc.
                                          and OK TV & Appliances, LLC*

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Docket: 1917 - IN RE: Cathode Ray Tube (CRT) Antitrust Litigation
Status: Pending on / /
Transferee District:           Judge:

Printed on 01/02/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Beijing-Matsushita Color,<br>No. 9 Jiuxianqiao N. Rd.<br>Dashanzi Chaoyang District<br>Beijing, China | =><br>Beijing-Matsushita Color CRT Co., Ltd. |
| Bendes, Barry<br>EDWARDS ANGELL PALMER & DODGE LLP<br>750 Lexington Avenue<br>New York, NY 10022 | =>Phone: (212) 912-2911 Fax: (212) 308-4844 Email: bbendes@eapdlaw.com<br>Orion America, Inc.* |
| Chunghwa Picture Tubes,<br>No. 1127, Heping Rd.<br>Bade City, Taoyuan, Taiwan | =><br>Chunghwa Picture Tubes, Ltd. |
| Chunghwa Picture Tubes,<br>Lot 1, Subang Hi-Tech Industrial Park<br>Batu Tiga, 4000 Shah Alam<br>Selango Darul Ehsan, Malaysia | =><br>Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. |
| Curran, Christopher M.<br>WHITE & CASE LLP<br>701 13th Street, N.W.<br>Washington, DC 20005-3807 | =>Phone: (202) 626-3643 Fax: (202) 639-9355 Email: ccurran@whitecase.com<br>Toshiba America, Inc.* |
| Halling, Gary L.<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111-4109 | =>Phone: (415) 434-9100 Fax: (415) 434-3947 Email: ghalling@sheppardmullins.com<br>Samsung SDI America, Inc.* |
| Hitachi Asia, Ltd.,<br>16 Collyer Quay, #20-00 Hitachi Tower<br>Singapore 049318 | =><br>Hitachi Asia, Ltd. |
| Hitachi, Ltd.,<br>6-6, Marunouchi 1-chome<br>Chiyoda-ku, Tokyo, 100-8280, Japan | =><br>Hitachi, Ltd. |
| Irico Display Devices Co.,<br>No. 16 Fenghui South Road West<br>Disctrict High-tech Development Zone<br>Xi'an, SXI 710075<br>*** Bad Address *** | =><br>Irico Display Devices Co., Ltd. |
| Irico Group Corp.,<br>1 Caihong Rd.<br>Xianyang City, Shaanxi Province 712021 | =><br>Irico Group Corp. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Koninklijke Philips Elect,<br>Breitner Center, Amstelplein 2, 1096 BC<br>Amsteram, The Netherlands | ⟹<br>Koninklijke Philips Electronics N.V. |
| LG Electronics, Inc.,<br>LG Twin Towers<br>20, Yeouido-dong, Youngdungpo-gu<br>Seoul<br>150-721 Korea | ⟹<br>LG Electronics, Inc. |
| LP Displays International,<br>6th Floor, ING Tower<br>308 Des Voeux Road Central<br>Sheung Wan, Hong Kong | ⟹<br>LP Displays International, Ltd. |
| Lovell, Christopher<br>LOVELL STEWART HALEBIAN LLP<br>500 Fifth Avenue<br>Floor 58<br>New York, NY 10110 | ⟹Phone: (212) 608-1900  Fax: (212) 719-4677<br>Kindt, Andrew* |
| Matsushita Toshiba Pictur,<br>1-1, Saiwai-cho<br>Takatsuki-shi, Osaka 569-1193, Japan | ⟹<br>Matsushita Toshiba Picture Display Co., Ltd. |
| Philips Electronics NA,<br>Lawyers Incorporating Service<br>P.O. Box 526036<br>Sacramento, CA 95852 | ⟹<br>Philips Electronics North America Corp. |
| Roger, Kent M.<br>MORGAN LEWIS & BOCKIUS LLP<br>One Market, Spear Tower<br>San Francisco, CA 94105-1126 | ⟹Phone: (415) 442-1140  Fax: (415) 442-1001<br>Hitachi America, Ltd.* |
| Samsung SDI Co., Ltd.,<br>575 Shin-dong, Youngiong-gu Suwon<br>Kyonggi, South Korea | ⟹<br>Samsung SDI Co., Ltd. |
| Samtel Color, Ltd.,<br>52, Community Centre, New Friends Colony<br>New Delhi-110065 | ⟹<br>Samtel Color, Ltd. |
| Simon, Bruce L.<br>PEARSON SIMON SOTER WARSHAW & PENNY LLP<br>44 Montgomery Street<br>Suite 1200<br>San Francisco, CA 94104 | ⟹Phone: (415) 433-9000  Fax: (415) 433-9008  Email: bsimon@psswplaw.com<br>Crago, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

(Panel Attorney Service List for MDL 1,917 Continued)

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Thai CRT Co., Ltd.,<br>1/F 26 Siam Cement Rd<br>Bangsue Dusit, Bangkok, Thailand | => Thai CRT Co., Ltd. |
| Toshiba Corp.,<br>Legal Affairs Division<br>1-1, Shibaura 1-Chome<br>Minato-Ku, Tokyo<br>105-8001 Japan | => Toshiba Corp. |
| Viola, Anthony J.<br>EDWARDS ANGELL PALMER & DODGE LLP<br>750 Lexington Avenue<br>New York, NY 10022 | => Phone: (212) 912-2827 Fax: (212) 308-4844 Email: aviola@eapdlaw.com<br>Orion Electric Co., Ltd.* |
| Yohai, David L.<br>WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | => Phone: (212) 310-8000 Fax: (212) 310-8007<br>Matsushita Electric Industrial Co., Ltd.*; Panasonic Corp. of North America* |

Note: Please refer to the report title page for complete report scope and key.

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

| COUNSEL: | REPRESENTED PARTY: |
|---|---|

**COUNSEL:**

Clifford H. Pearson
Gary S. Soter
Daniel L. Warshaw
PEARSON, SIMON, SOTER, WARSHAW
& PENNY, LLP
15165 Venture Boulevard, Suite 400
Sherman Oaks, CA 91403
T: (818) 788-8300
F: (818) 788-8104

**REPRESENTED PARTY:** Plaintiff: Crago, Inc.

P. John Brady
Daniel D. Owen
SHUGHARD THOMSON & KILROY, P.C.
12 Wyandotte Plaza
120 West 12th Street
Kansas City, MO 64105
T: (816) 421-3355
F: (816) 374-0509

Plaintiff: Crago, Inc.

Richard H. Heimann
Joseph R. Saveri
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
T: (415) 956-1000
F: (415) 956-1008

Plaintiff: Nathan Muchnick, Inc.

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

<u>**COUNSEL:**</u>                                 <u>**REPRESENTED PARTY:**</u>

H. Laddie Montague, Jr.                         Plaintiff: Nathan Muchnick, Inc.
Ruthanne Gordon
Candice Enders
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
T: (215) 875-3000
F: (215) 875-4604


Anthony J. Bolognese                            Plaintiff: Arch Electronics, Inc.
Joshua H. Grabar
BOLOGNESE & ASSOCIATES, L.L.C.
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
T: (215) 814-6751
F: (215) 814-6764

Robert N. Kaplan                                Plaintiff: Arch Electronics, Inc.
Gregory K. Arenson
Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER, L.L.P.
850 Third Avenue, 14th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714


Joseph M. Vanek                                 Plaintiffs: Meijer, Inc. and Meijer
David P. Germaine                               Distribution, Inc.
VANEK, VICKERS & MASINI P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
T: (312) 224-1500
F: (312) 224-1510

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

| COUNSEL: | REPRESENTED PARTY: |
|---|---|
| Paul E. Slater<br>SPERLING& SLATER<br>55 West Monroe Street, Suite 3200<br>Chicago, IL 60603<br>T: (312) 641-3200<br>F: (312) 641-6492 | Plaintiffs: Meijer Inc. and Meijer<br>Distribution, Inc. |
| Bryan L. Clobes<br>Ellen Meriwether<br>CAFFERTY FAUCHER LLP<br>1717 Arch Street, Suite 3610<br>Philadelphia, PA 19103<br>T: (215) 864-2800<br>F: (215) 864-2810 | Plaintiff: Princeton Display Technologies,<br>Inc. |
| Mary Jane Fait<br>Theodore B. Bell<br>WOLF HALDENSTEIN ADLER FREEMAN<br>& HERZ LLC<br>55 West Monroe Street, Suite 1111<br>Chicago, IL 60603<br>T: (312) 984-0000<br>F: (312) 984-0001 | Plaintiff: Princeton Display Technologies,<br>Inc. |
| Jayne Goldstein<br>Lee Albert<br>MAGER & GOLDSTEIN LLP<br>1818 Market Street, Suite 3700<br>Philadelphia, PA 19103<br>T: (215) 640-3280<br>F: (215) 640-3281 | Plaintiff: Princeton Display Technologies,<br>Inc. |

377187-1

## IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION
### MDL Docket No. 1917
### Additional Parties for Service

| <u>COUNSEL:</u> | <u>REPRESENTED PARTY:</u> |
|---|---|
| Guido Saveri<br>R. Alexander Saveri<br>Cadio Zirpoli<br>SAVERI & SAVERI, INC.<br>111 Pine Street, Suite 1700<br>San Francisco, CA 94111-5619<br>T: (415) 217-6810<br>F: (415) 217-6813 | Plaintiff: Hawel A. Hawel d/b/a City Electronics. |
| Roger M. Schrimp<br>Fred A. Silva<br>Kathy L. Monday<br>Betty L. Julian<br>DAMRELL, NELSON, SCHRIMP,<br>PALLIOS, PACHER & SILVA<br>1601 I street, 5th Floor<br>Modesto, CA 95354<br>T: (209) 526-3500<br>F: (209) 526-3534 | Plaintiff: Hawel A. Hawel d/b/a City Electronics. |
| Jeffrey A. Klafter<br>KLAFTER & OLSEN LLP<br>1311 Mamaroneck Avenue, Suite 220<br>White Plains, NW 10605<br>T: (914) 997-5656<br>F: (914) 997-2444 | Plaintiff: Industrial Computing, Inc. |
| Paul F. Bennett<br>Steven O. Sidener<br>Joseph M. Barton<br>GOLD BENNETT CERA & SIDENER LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105<br>T: (415) 777-2230<br>F: (415) 777-5189 | Plaintiff: Industrial Computing, Inc. |

# IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION
## MDL Docket No. 1917
### Additional Parties for Service

**COUNSEL:**

**REPRESENTED PARTY:**

Samuel D. Heins
Vincent J. Esades
Troy J. Hutchinson
Katherine T. Kelly
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
T:  (612) 338-4605
F:  (612) 338-4692

Plaintiff:  Wettstein and Sons, Inc., d/b/a Wettstein's

Michel Stoker
JOHNS FLAHERTY & COLLINS, S.C.
205 Fifth Avenue South
PO Box 1626
LaCrosse, WI 54602

Plaintiff:  Wettstein and Sons, Inc., d/b/a Wettstein's

Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL &
SKIRNICK, P.C.
1521 Locust Street, 8th Floor
Philadelphia, PA 19102
T:  (215) 564-5182

Plaintiff:  Wettstein and Sons, Inc., d/b/a Wettstein's

Harry Shulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
T:  (415) 455-1326
F:  (415) 455-1327

Plaintiff:  Art's TBV & Appliance

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

| COUNSEL: | REPRESENTED PARTY: |
|---|---|

**COUNSEL:**

Michael P. Lehmann
COEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C
One Embarcadero Center, Suite 2440
San Francisco, CA 94111
T: (415) 983-2080
F: (415) 986-3643

**REPRESENTED PARTY:** Plaintiff: Monikraft, Inc.

Francis O. Scarpulla
Craig C. Corbitt
Matthew R. Schultz
Judith A. Zahid
ZELLE HOFMANN VOELBEL MASON &
GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
T: (415) 693-0700
F: (415) 693-0770

Plaintiffs: Michael Juetten, a CA resident
& Chad Klebs, a MN resident

Richard M. Hagstrom
Michael Jacobs
ZELLE HOFMANN VOELBEL MASON &
GETTE LLP
500 Washington Avenue South, Suite 400
Minneapolis, MN 55415
T: (612) 339-2020
F: (612) 336-9100

Plaintiffs: Michael Juetten, a CA resident
& Chad Klebs, a MN resident

## IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION
### MDL Docket No. 1917
### Additional Parties for Service

| COUNSEL: | REPRESENTED PARTY: |
|---|---|
| Henry Cirillo<br>Thomas P. Dover<br>Kathleen Styles Rogers<br>Christopher L. Lebsock<br>Michael S. Christian<br>Jon T. King<br>THE FURTH FIRM LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104-4249<br>T: (415) 433-2070<br>F: (415) 982-2076 | Plaintiff: Barbara Caldwell |
| Marvin A. Miller<br>Lori A. Fanning<br>Matthew E. Van Tine<br>MILLER LAW LLC<br>115 South LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>T: (312) 332-3400<br>F: (312) 676-2676 | Plaintiff: Barbara Caldwell |
| Mario N. Alioto<br>Lauren C. Russell<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>T: (415) 563-7200<br>F: (415) 346-0679 | Plaintiff: Jeffrey Figone |

## IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION
### MDL Docket No. 1917
### Additional Parties for Service

| COUNSEL: | REPRESENTED PARTY: |
|---|---|

Joseph M. Patane
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123
T: (415) 563-7200
F: (415) 346-0679

Plaintiff: Jeffrey Figone

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G.
PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
T: (707) 963-1704
F: (707) 963-0706

Plaintiff: Jeffrey Figone

William A. McKinnon
S. Randall
MCGOWAN HOOD & FELDER, LLC
1539 Healthcare Drive
Rock Hill, SC 29732
T: (803) 327-7800
F: (803) 328-5656

Plaintiff: Greg A. Glanz

John G. Felder, Jr.
MCGOWAN HOOD & FELDER, LLC
1405 Calhoun Street
Columbia, SC 29201
T: (803) 779-0100
F: (803) 787-0750

Plaintiff: Greg A. Glanz

377187-1

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

**COUNSEL:**                                      **REPRESENTED PARTY:**

Daniel R. Karon                                  Plaintiff:  Greg A. Glanz
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
T:  (216) 622-1851
F:  (216) 622-1852


Krishna B. Narine                                Plaintiff:  Greg A. Glanz
LAW OFFICES OF KRISHNA B. NARINE
7839 Montgomery Avenue
Elkins Park, PA 19027
T:  (215) 771-4988
F:  (215) 782-3241


Isaac L. Diel                                    Plaintiff:  Greg A. Glanz
135 Oak Street
Bonner Springs, KS 66012
T:  (913) 383-8711
F:  (913) 422-0307


Donna F. Solen                                   Plaintiff:  Greg A. Glanz
THE MASON LAW FIRM, LLP
1225 19th Street NW, Suite 500
Washington, DC 20036
T:  (202) 640-1162
F:  (202) 429-2294

377187-1

**IN RE CATHRODE RAY (CRT) ANTITRUST LITIGATION**
**MDL Docket No. 1917**
**Additional Parties for Service**

## UNITED STATES DISTRICT COURT
## CLERK:

Clerk of Court
United States District Court
Northern District of California
Clerk's Office – 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Clerk of Court
United States District Court
District of New York
United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

Clerk of Court
United States District Court
District of Minnesota
United States Courthouse
202 U.S. Courthouse
300 South Fourth Street
Minneapolis MN 55415

Clerk of Court
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Clerk of Court
United States District Court
District of South Carolina
United States Courthouse
Post Office Box 835
Charleston, SC 29402

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) |

*Civil 08-39(JAb)*

MDL Docket No. 1917

## MEMORANDUM OF PLAINTIFFS ROYAL DATA SERVICES, INC. AND OK TV & APPLIANCES, LLC IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST CLASS ACTIONS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407

### I.    INTRODUCTION

Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC submit this

Memorandum in support of transfer of the related antitrust class actions to the District of

New Jersey.[1]  Currently pending are 17 actions in seven judicial districts throughout the

country.[2]  The Defendants are either identical or substantially overlap among the actions.

---

[1] Plaintiff Royal Data respectfully submits this Memorandum in response to the ten motions filed with the Panel to consolidate and transfer all of the Cathode Ray Tube (CRT) cases to various proposed venues.

[2] *See* Attached Schedule of Pending Actions

377041-1

Each complaint alleges the same conduct by Defendants based on uniform facts. The parties named in each complaint are located in multiple states.

The District of New Jersey before the Honorable Judge Katherine Hayden, where *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd.* is assigned,[3] is the best choice for the transfer of these actions because of its accessibility, superior docket, advanced technology, judicial expertise, case management efficiency and availability, as discussed more fully below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Royal Data filed its Complaint on January 2, 2008, in the United States District Court for the District of New Jersey, alleging that Defendants violated the antitrust laws by conspiring to fix, raise, maintain, and stabilize the price of cathode ray tubes ("CRTs") and products containing CRTs (jointly, "CRT Products") throughout the United States. OK TV & Appliances filed a similar Complaint on January 7, 2008 in the District of New Jersey.[4] To date, there have been 17 class action complaints filed. Plaintiffs in each of the other actions make allegations similar to those of Royal Data and OK TV. All of the class action lawsuits are in the earliest stages of litigation.

On November 29, 2007, Plaintiff Crago moved for consolidation and transfer of related actions to the Northern District of California. On December 5, 2007, Plaintiffs Meijer, Inc. & Arch Electronics, Inc. moved that the actions be transferred to the

---

[3] Plaintiffs Royal Data and OK TV presume that their subsequently filed Direct Purchaser cases will be transferred to Judge Hayden under New Jersey District Court L.Civ.R. 40.1(c)(2).

[4] A copy of Royal Data's Complaint is attached as Exhibit A and a copy of OK TV's Complaint is attached as Exhibit B.

Southern District of New York. On December 21, 2007, Plaintiff Princeton moved that
the actions be transferred to the District of New Jersey.[5]

While Royal Data agrees that consolidation and transfer of the related actions is
appropriate, in this case the facts make clear that the District of New Jersey is the most
appropriate transferee forum.

### III.    ARGUMENT

### A.    Consolidation Would Promote the Just, Efficient and Prompt Resolution of These Actions.

A civil action involving one or more common questions of fact pending in
different districts may be transferred for coordinated or consolidated pretrial proceedings
where consolidation will be for the convenience of the parties and will promote the just
and efficient conduct of such actions. 28 U.S.C. § 1407.

Transferring several related actions to a single court pursuant to Section 1407
eliminates duplicative discovery, prevents inconsistent pretrial rulings, and conserves the
resources of the parties, their counsel and the judiciary. *In re CertainTeed Corp. Roofing
Shingle Prod. Liab. Litig.*, 2007 WL 549356 (J.P.M.L. 2007). For these reasons,
transferring related actions pursuant to Section 1407 is encouraged where, as here, it will
eliminate the possibility of inconsistent rulings by courts on matters such as class
certification. *In re LLRICE 601 Contamination Litig.*, 466 F. Supp. 2d 1351 (J.P.M.L.
2006). Transfer under Section 1407 places all actions before one judge who can

---

[5] To date, ten motions have been filed wilt this Panel. In addition to the above listed motions, the following
were filed with the Panel: Plaintiff Nathan Muchnick filed a response motion (12/14/07); Plaintiff Andres
Kindt filed a response motion (12/17/07); Defendants filed a response motion (12/20/07); Interested party
responses were filed separately by Industrial Computing Inc. and Hawel A. Hawel dba City Electronics
(12/20/07); Plaintiff Crago filed a reply brief (12/28/07); and Plaintiff M. Juetten filed a joinder response
(12/28/07).

formulate a pretrial program to ensure that pretrial proceedings will lead to a just and expeditious resolution.

All of these actions involve common questions of law and fact and arise from the same conduct by Defendants. Thus, all plaintiffs seek class certification. Plaintiffs in each action allege that Defendants and their co-conspirators conspired to fix, raise, maintain, and stabilize the price of CRT Products across the United States in violation of Section 1 of the Sherman Act. Because Section 1407 does not require a majority of common factual issues as a condition for transfer, the many common questions thus presented are more than sufficient to satisfy Section 1407. *See In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). This Panel has repeatedly found antitrust cases such as these transferable and has consolidated them for coordination in a single court. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342, 1345 (J.P.M.L 2006).

Discovery in all of these actions will involve the same testimony and documentary evidence. Consolidation of these actions will avoid duplicative, redundant and costly discovery proceedings, and avoid repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995); *In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979).

**B.      Transfer to the Honorable Judge Katherine Hayden in the United States District Court for the District of New Jersey Will Ensure the Just, Efficient, and Consistent Conduct and Adjudication of These Actions.**

In determining the most appropriate transferee forum, this Panel has considered the following factors: (1) the convenience and location of the parties and the witnesses;

(2) the relative degree of progress achieved in actions pending in various districts; and (3) the expertise and resources necessary to expeditiously handle the related antitrust actions. Based upon these considerations, the District of New Jersey is the most suitable forum for consolidation.

### 1. The convenience of the parties and witnesses favors transfer to the District of New Jersey.

The Panel has considered where potential witnesses and documents are likely to be located in determining the proper transferee forum. *See, e.g., In re National Century Financial Enterprises, Inc., Investment Litig.*, 293 F. Supp.2d 1375, 1377 (J.P.M.L. 2003). In fact, the District of New Jersey has been chosen when the primary consideration in choosing the transferee court was the location of the parties, witnesses, and documents. *See In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651 (J.P.M.L. 1981).

The District of New Jersey likely will contain the most witnesses and the largest quantity of documents and other discoverable materials. Plaintiff Princeton Display is in Princeton, NJ. Four of the largest defendant conglomerates have their American headquarters in New Jersey: Defendant Samsung Electronics America, Inc.'s headquarters are in Ridgefield Park, New Jersey. Defendant Panasonic Corporation of North America's headquarters are in Secaucus, New Jersey. Defendant Toshiba America Consumer Products headquarters are in Wayne, New Jersey. Defendant LG Electronics U.S.A., Inc.'s headquarters are in Englewood Cliffs, New Jersey.

In addition, many of the other Defendants either are incorporated or have locations on the East Coast. Defendant Philips Electronics North America Corporation maintains headquarters in New York, NY. Defendant Hitachi America, Ltd. is located in

Tarrytown, NY. Defendant MT Picture Display Corp. of America maintained headquarters in Horseheads, NY before it began liquidation proceedings in 2004. Defendant LP Displays International Ltd. maintains sales offices in North Carolina.

For those individuals who must travel to court proceedings, the District of New Jersey courthouse in Camden, New Jersey, where Judge Hayden sits, is only three miles from the Philadelphia International Airport and thus, is very accessible. The Philadelphia International Airport has thirty airlines, including five low-cost carriers, and offers 700 convenient daily nonstop flights to more than 120 cities, including 52 daily nonstop to 31 international destinations.[6] Its accessibility and centrality among the named Defendants make the District of New Jersey the most convenient transferee district.

The Panel has found more than once that consolidation of actions in the District of New Jersey was most convenient because parties, documents and witnesses were likely to be found there. *E.g.*, *In re Elec. Carbon Products Antitrust Litig.*, 259 F. Supp.2d 1374, 1376 (J.P.M.L. 2003) (District of New Jersey was the preferable transferee forum with the court singling out the presence of both defendants and plaintiffs in New Jersey); *In re SFBC International, Inc., Securities & Derivative Litig.*, 435 F. Supp. 2d 1355, 1356 (J.P.M.L. 2006) (because Defendant's principal offices were located in the District of New Jersey, relevant documents and witness may be found there); and *In re Vonage Marketing and Sales Practices Litig.*, 505 F. Supp.2d 1375, 1377 (J.P.M.L. 2007) (the District of New Jersey was found to be a likely source of relevant documents and witnesses).

---

[6] http://www.phl.org/about.html

### 2. **All pending actions are at the same stage of litigation.**

While the Panel may consider the degree of progress achieved in actions pending

in the various districts, this factor is of no consequence here. Because all pending actions

were filed within the past six weeks,[7] this factor weighs neither for nor against any of the

proposed districts. Thus, no district has an advantage by way of progress.

### 3. **The Honorable Judge Katherine Hayden of the District of New Jersey is well suited to manage this litigation.**

A significant factor favoring transfer to the District of New Jersey is the fact that

the *Princeton* action has already been assigned to Judge Hayden,[8] a highly respected, able

and experienced jurist, skilled in presiding over MDL antitrust litigation. Judge Hayden

has experience with complex litigation. She presided over *In re Schering-Plough*

*Corporation Securities Litigation*, No. Civ. A. 01-0829 (D.N.J.), a litigation which lasted

several years. The Panel has often sought a transferee judge with the ability and

character to manage a large litigation of that type in a resourceful and prompt manner.

*See also In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573 (J.P.M.L. 2000) and *In re*

*Diet Drugs Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998).

In this case, Judge Hayden has the resources to promote the just and efficient

administration of this litigation. She has an impressive caseload profile that shows that

she is eminently capable of overseeing a complex case. In her more than ten years on the

federal bench, Judge Hayden has overseen many complex class actions, including

antitrust class actions. Not only does Judge Hayden have the expertise to justly and

efficiently preside over this action, her docket indicates that she is in a position to handle

---

[7] *See* Attached Schedule of Pending Actions
[8] *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et. al.*, No. 2:07cv5713-KSH-PS (D.N.J.) filed November 29, 2007.

this matter. She is not currently assigned an MDL action. *See In re Comp. of Managerial, Prof'l and Technical Employees Antitrust Litig.*, 206 F. Supp.2d 1374, 1376 (J.P.M.L. 2002) ("In concluding that the District of New Jersey is the appropriate forum for this docket, however, we note that the judge assigned the New Jersey action, unlike the judge in the Southern District of New York action, is not currently burdened with another complex Section 1407 docket."). Accordingly, this Court enjoys a docket condition ideal for consolidation and transfer. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003) (identifying the transferee forum's lack of multidistrict dockets as support for the Panel's decision to transfer to a proposed district).

The District of New Jersey and Judge Hayden clearly have the capability and experience to handle the pending class action lawsuits. As this Panel noted in *In re Ins. Brokerage Antitrust Litig.*, "the [D]istrict [of New Jersey] offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel . . . [and] the district is equipped with the resources that this complex antitrust docket is likely to require." 360 F. Supp. 2d 1371 (J.P.M.L. 2005).

**C.** **Because these three factors clearly favor the District of New Jersey, the Panel need not consider the preferences of other parties.**

The Panel only considers the preference of the parties where no clear choice has emerged from the general factors. *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333, 337 (J.P.M.L. 1979). The above three factors establish the superiority of the District of New Jersey as the transferee forum. However, even if the Panel were to consider the preference of other parties, the parties moving for consideration and transfer to their chosen districts do not comprise such a persuasive majority to sway this factor in

their direction. All of these factors demonstrate the superiority and efficiency of transfer to the District of New Jersey.

**D.    The Northern District of California is Not an Appropriate Forum.**

Government investigation and grand jury location are never the *sole* basis for the Panel's choice of transferee forums. The Manual for Complex Litigation, Fourth (2006) states that "[t]he Panel uses no single factor to select the transferee district." *See* § 20.131 at 269. The pendency of a criminal grand jury is not listed as a factor to consider. *See, e.g., In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp.2d 1345 (J.P.M.L. 2005) (selecting the Eastern District of Pennsylvania as the transferee forum even though federal grand jury proceedings were pending in the Northern District of California); *In re Elec. Carbon Products Litig.*, 259 F. Supp.2d 1374, 1376 (J.P.M.L. 2003) (despite grand jury proceedings in the Eastern District of Pennsylvania, the litigation was transferred to the District of New Jersey). In addition, at this point the existence and location of a grand jury investigating CRT Products, and the government office handling any investigation are purely speculative.

Moreover, even in cases in which a government investigation has become known, where the Panel is convinced that another district would result in the most efficient and expeditious resolution of the case, the Panel has selected other districts for transfer for any number of reasons. Any potential benefit to transferring the cases to the location of a potential grand jury investigation is outweighed by the geographical inconvenience for a majority of the parties and witnesses. For CRT Products, only one Defendant is located in California. Parties supporting the Northern District of California have not provided

any factual basis or citation to support the conjecture that the location of a grand jury is in the Northern District of California.

Parties supporting the Northern District of California imply that the CRT Products government investigation would be located in Northern California because five other government investigations in the electronic components industry have been based there. However, this is nothing more than conjecture. Moreover, CRT Products are distinguishable from these five because CRT Products are primarily used in the television industry and four of the five products involved in government investigations in California are components in the computer industry. As is evidenced by the U.S. headquarters in New Jersey for four of the major Defendants in this case, the television manufacturing industry is more closely tied to New Jersey.

## E.     The Southern District of New York is Not an Appropriate Forum.

In their responses supporting the transfer of all related actions to the Southern District of New York, Plaintiffs Meijer, Inc., Meijer Distribution, Inc. and Arch Electronics, Inc. (collectively the "New York Plaintiffs") claim that the five largest Defendant electronics conglomerates and CRT manufacturers – LG Electronics, Philips, Panasonic, Samsung and Toshiba have their U.S. corporate headquarters *in the New York metropolitan area.* While correct in the most general way, in fact all but Philips have their U.S. corporate headquarters not in New York, but *in the District of New Jersey.* Therefore, as noted above, transfer to the District of New Jersey is more appropriate than the Southern District of New York.

Additionally, as of November 6, 2007, the Southern District of New York had nearly twice as many MDL cases before it than the District of New Jersey. To assign

another multidistrict case to an already full district would not advance the efficiency objective of the MDL transfer statute.

## IV. CONCLUSION

These cases and all related actions should be transferred to and consolidated before Judge Hayden of the District of New Jersey for coordinated pretrial proceedings. The major Defendants' U.S. regional headquarters are in New Jersey. The District of New Jersey is easily accessible and serves the convenience of the parties. This experienced court is able to handle the matter expeditiously and efficiently. No other proposed District provides the same convenience, accessibility, judicial availability and expertise as the District of New Jersey and Judge Hayden. Accordingly, Plaintiffs respectfully request this Panel to consolidate and transfer all related actions to the District of New Jersey.

Dated: January 9, 2008

Respectfully submitted,

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

W. Joseph Bruckner
Elizabeth R. Odette
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981


Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS LLC
8 Kings Highway West
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

Ira Neil Richards
TRUJILLO RODRIGUEZ & RICHARDS LLC
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

*Attorneys for Plaintiffs Royal Data*
*Services, Inc. and OK TV & Appliances, LLC*

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

Richard H. Epstein
Member of the Firm
Direct Dial: (973) 643-5372
E-mail: repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

January 17, 2008

**Via Electronic Mail and U.S. Mail**
Hon. Madeline Cox Arleo, U.S.M.J.
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Royal Data Services, Inc. v. Samsung Electronics Co., et al.*
              Case No. 2:08-cv-00039 (JAG) (MCA)

Dear Judge Arleo:

    We represent, along with Weil Gotshal & Manges LLP and Dewey & LeBoeuf LLP,

defendant Panasonic Corporation of North America ("PNA") and write to request an extension

of time to answer, move or otherwise respond to Plaintiff's complaint. PNA respectfully

requests that the Court "So Order" the enclosed stipulation, to which counsel for Plaintiff has

consented, extending the deadline until the earliest of the following dates: (1) 45 days after the

filing of a Consolidated Amended Complaint in the CRT Cases (as defined below); or (2) 45

days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a

Consolidated Amended Complaint, provided however, that in the event that PNA should agree to

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Hon. Madeline Cox Arleo, U.S.M.J.
January 17, 2008
Page 2

an earlier response date in any CRT case, PNA will respond to the Complaint in this action on

that earlier date.[1]

On or about January 2, 2008, Plaintiff commenced this action alleging antitrust violations

by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing

Cathode-Ray Tubes (collectively, "CRT products").[2]  This is one of more than fifteen

complaints that have been filed to date in federal district courts throughout the United States by

plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging

antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the

CRT Cases").  There is currently pending before the Judicial Panel on Multidistrict Litigation a

motion to transfer the CRT cases for coordinated and consolidated pretrial proceedings pursuant

to 28 U.S.C. § 1407.  Responses to the motion have been filed.  Further, Plaintiff anticipates the

possibility of Consolidated Amended Complaints in the CRT Cases.

Accordingly, Plaintiff and PNA have executed the enclosed Stipulation based upon their

belief that an orderly schedule for any response to the pleadings in the CRT Cases would be

more efficient for the parties and for the Court.  This is especially so where, as here, not all

defendants have been served and, as noted above, this action may be transferred and/or

coordinated and consolidated for pretrial proceedings based upon the pending motion before the

Judicial Panel on Multidistrict Litigation.

---

[1]     A similar Stipulation is being submitted to the Court in the action *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd.*, et al., 2:08-cv-00086 (JAG) (MA).

[2]     Service of process was made on January 8, 2008.  The time to respond to the Complaint is currently January 28, 2008, and no prior request for an extension has been made.

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Hon. Madeline Cox Arleo, U.S.M.J.
January 17, 2008
Page 3

PNA therefore respectfully requests that this Court "So Order" the enclosed Stipulation to extend the time to answer, move or otherwise respond to the Complaint and that, as set forth in paragraph 3 of the Stipulation, the extension will be applied to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation.

Respectfully submitted,

Richard H. Epstein

Enclosure

cc:  Lisa J. Rodriquez, Esq.
    W. Joseph Bruckner, Esq.
    David Yohai, Esq.
    Jeffrey L. Kessler, Esq.
    (all via fax with enclosure)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYAL DATA SERVICES, INC, on behalf of itself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC.; LG ELECTRONICS U.S.A.; INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>   Defendants. | Case No. 2:08-cv-00039 (JAG) (MCA) |

## PLAINTIFF'S AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S STIPULATION FOR EXTENSION OF TIME

WHEREAS Plaintiff Royal Data Services, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about January 2, 2008;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than twenty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that

Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1.      Service of process was effected on January 8, 2008, the time for PNA to answer, move or otherwise respond to the Complaint is currently January 28, 2008, and no prior request for an extension has been made.

2.      The deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA

3

should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date.

3.       This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

4.       This Stipulation does not constitute a waiver by PNA, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

**IT IS SO STIPULATED**.

DATED:  January 17, 2008

By:   /s Lisa J. Rodriguez_____
Lisa J. Rodriguez
TRUJILLO, RODRIGUEZ &
RICHARDS, LLP
8 Kings Highway West
Haddonfield, NJ 08033
Telephone:  (856) 795-9002
Facsimile:  (856)795-9887

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

Attorneys for Plaintiff Royal Data Services, Inc.

DATED: January 17, 2008        By: ____/s Richard H. Epstein_____
                                    Richard H. Epstein
                                    Sills Cummis & Gross P.C.
                                    The Legal Center
                                    One Riverfront Plaza
                                    Newark, NJ 07102
                                    Telephone: (973) 643-5372
                                    Facsimile: (973) 643-6500

                                    Steven A. Reiss
                                    David L. Yohai
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153-0119
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007

                                    Jeffrey L. Kessler
                                    A. Paul Victor
                                    Dewey & LeBoeuf LLP
                                    1301 Avenue of the Americas
                                    New York, NY 10019
                                    Telephone: (212) 259-8000
                                    Facsimile: (212) 259-7013

                                    Attorneys for Defendant Panasonic
                                    Corporation of North America


## ORDER

The above stipulation is ORDERED APPROVED.


ORDER DATED: _____


                          _____
                          Hon. Madeline Cox Arleo, U.S.M.J.


5

# SILLS CUMMIS & GROSS
### A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

Richard H. Epstein
Member of the Firm
Direct Dial: (973) 643-5372
E-mail: repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

January 31, 2008

**Via Electronic Mail and U.S. Mail**
Hon. Michael A. Shipp
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:  *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes,*
> *Ltd., et al.*
> Case No. 2:08-cv-00039 (JAG) (MCA)

Dear Judge Shipp:

We represent, along with Weil Gotshal & Manges LLP and Dewey & LeBoeuf LLP,

defendant Panasonic Corporation of North America ("PNA") and write to request an extension

of time to answer, move or otherwise respond to Plaintiff's complaint.   PNA respectfully

requests that the Court "So Order" the enclosed stipulation, to which counsel for Plaintiff has

consented, extending the deadline until the earliest of the following dates: (1) 45 days after the

filing of a Consolidated Amended Complaint in the CRT Cases (as defined below); or (2) 45

days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a

Consolidated Amended Complaint, provided however, that in the event that PNA should agree to

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 2

an earlier response date in any CRT case, PNA will respond to the Complaint in this action on

that earlier date.[1]

On or about November 29, 2007, Plaintiff commenced this action alleging antitrust

violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products

containing Cathode-Ray Tubes (collectively, "CRT products").[2]  This is one of more than

twenty complaints that have been filed to date in federal district courts throughout the United

States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers

alleging antitrust violations by manufacturers, distributors, and sellers of CRT products

(collectively, "the CRT Cases").  There is currently pending before the Judicial Panel on

Multidistrict Litigation a motion to transfer the CRT cases for coordinated and consolidated

pretrial proceedings pursuant to 28 U.S.C. § 1407.  Responses to the motion have been filed.

Further, Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT

Cases.

Accordingly, Plaintiff and PNA have executed the enclosed Stipulation based upon their

belief that an orderly schedule for any response to the pleadings in the CRT Cases would be

more efficient for the parties and for the Court.  This is especially so where, as here, not all

defendants have been served and, as noted above, this action may be transferred and/or

---

[1]     The Hon. Madeline Cox Arleo, U.S.M.J., has "So Ordered" similar stipulations in  two
other CRT cases, *Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No.
2:08-cv-00039 (JAG)(MCA), and *OK TV & Appliances, LLC v.  Samsung Electronics Co., Ltd.,
et al.*, Case No. 2:08-cv-00086 (JAG)(MCA).
[2]     Service of process was made on January 17, 2008.  The time to respond to the Complaint
is currently February 6, 2008, and no prior request for an extension has been made.

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 3

coordinated and consolidated for pretrial proceedings based upon the pending motion before the

Judicial Panel on Multidistrict Litigation.

PNA therefore respectfully requests that this Court "So Order" the enclosed Stipulation to

extend the time to answer, move or otherwise respond to the Complaint and that, as set forth in

paragraph 3 of the Stipulation, the extension will be applied to all named defendants who notify

Plaintiff in writing of their intention to join this Stipulation.

Respectfully submitted,

Richard H. Epstein

Enclosure

cc:   Bryan L. Clobes, Esq.
      Mary Jane Fait, Esq.
      Jayne Goldstein, Esq.
      David Yohai, Esq.
      Jeffrey L. Kessler, Esq.
      (all via fax with enclosure)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PRINCETON DISPLAY TECHNOLOGIES, INC., on behalf of itself and all others similarly situated, | : | Case No. 07-5713-SRC-MAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd.; LG ELECTRONICS, INC.; LP DISPLAYS; ROYAL PHILIPS ELECTRONICS N.V.; TOSHIBA CORPORATION; TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MT PICTURE DISPLAY; HITACHI LTD.; HITACHI AMERICA LTD.; HITACHI ASIA, LTD.; PANASONIC CORPORATION OF NORTH AMERICA; and SAMTEL COLOR, LTD.; | : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S STIPULATION FOR EXTENSION OF TIME**

WHEREAS Plaintiff Princeton Display Technologies, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about November 29, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than twenty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date;

2

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1.      Service of process was effected on January 17, 2008, the time for PNA to answer, move or otherwise respond to the Complaint is currently February 6, 2008, and no prior request for an extension has been made.

2.      The deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date.

3.      This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

4.      This Stipulation does not constitute a waiver by PNA, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of

personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

**IT IS SO STIPULATED**.

DATED: January __, 2008      By: _____

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, N.J. 07068
Tel: 973/994-1700
Fax: 973/994-1744

Bryan L. Clobes, Esq.
Ellen Meriwether, Esq.
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel: 215/864-2800
Fax: 215/864-2810

Mary Jane Fait, Esq.
Theodore B. Bell, Esq.
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLC
55 W. Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: 312/984-0000
Fax: 312/984-0001

Jayne Goldstein, Esq.
Lee Albert, Esq. (LA8307)
MAGER & GOLDSTEIN LLP
1818 Market Street, Suite 3700
Philadelphia, PA 19103
Tel: (215) 640-3280
Fax: (215) 640-3281

Attorneys for Plaintiff Princeton Display
Technologies, Inc.

DATED: January 31, 2008        By: _____

                               Richard H. Epstein
                               SILLS CUMMIS & GROSS P.C.
                               The Legal Center
                               One Riverfront Plaza
                               Newark, NJ 07102
                               Telephone: (973) 643-5372
                               Facsimile: (973) 643-6500

                               Steven A. Reiss
                               David L. Yohai
                               WEIL, GOTSHAL & MANGES LLP
                               767 Fifth Avenue
                               New York, New York 10153-0119
                               Telephone: (212) 310-8000
                               Facsimile: (212) 310-8007

                               Jeffrey L. Kessler
                               A. Paul Victor
                               DEWEY & LeBOEUF LLP
                               1301 Avenue of the Americas
                               New York, NY 10019
                               Telephone: (212) 259-8000
                               Facsimile: (212) 259-7013

                               Attorneys for Defendant Panasonic Corporation of
                               North America

ORDER

The above stipulation is ORDERED APPROVED.

ORDER DATED: _____

                               _____
                               Hon. Michael A. Shipp, U.S.M.J.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYAL DATA SERVICES, INC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC.; LG ELECTRONICS U.S.A.; INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>Defendants. | Case No. 2:08-cv-00039 (JAG) (MCA) |

## PLAINTIFF'S AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S STIPULATION FOR EXTENSION OF TIME

WHEREAS Plaintiff Royal Data Services, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about January 2, 2008;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than twenty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that

2

Plaintiff does not intend to file a Consolidated Amended Complaint, provided however,

that in the event that PNA should agree to an earlier response date in any CRT case, PNA

will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without

further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff

in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any

defense, including but not limited to the defenses of lack of personal jurisdiction, subject

matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation,

this Stipulation does not constitute a waiver of any defense, including but not limited to

the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue,

sufficiency of process or service of process.

PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR

RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1.      Service of process was effected on January 8, 2008, the time for

PNA to answer, move or otherwise respond to the Complaint is currently January 28,

2008, and no prior request for an extension has been made.

2.      The deadline for PNA to answer, move, or otherwise respond to

the Complaint shall be extended until the earliest of the following dates: (1) forty-five

days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2)

forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend

to file a Consolidated Amended Complaint, provided however, that in the event that PNA

3

should agree to an earlier response date in any CRT case, PNA will respond to the
Complaint in the above-captioned action on that earlier date.

    3.  This extension is available, without further stipulation with counsel
for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to
join this Stipulation;

    4.  This Stipulation does not constitute a waiver by PNA, or any other
named defendant joining the Stipulation of any defense, including but not limited to the
defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue,
sufficiency of process or service of process.

    **IT IS SO STIPULATED.**

DATED: January 17, 2008    By:  /s Lisa J. Rodriguez_____
               Lisa J. Rodriguez
               TRUJILLO, RODRIGUEZ &
               RICHARDS, LLP
               8 Kings Highway West
               Haddonfield, NJ 08033
               Telephone: (856) 795-9002
               Facsimile: (856)795-9887

               W. Joseph Bruckner
               Elizabeth R. Odette
               LOCKRIDGE GRINDAL NAUEN
               P.L.L.P.
               100 Washington Avenue South, Suite
               2200
               Minneapolis, MN 55401
               Telephone: (612) 339-6900
               Facsimile: (612) 339-0981

               Attorneys for Plaintiff Royal Data
               Services, Inc.

DATED: January 17, 2008

By: ___/s Richard H. Epstein_____
    Richard H. Epstein
    Sills Cummis & Gross P.C.
    The Legal Center
    One Riverfront Plaza
    Newark, NJ 07102
    Telephone: (973) 643-5372
    Facsimile: (973) 643-6500

    Steven A. Reiss
    David L. Yohai
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153-0119
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Jeffrey L. Kessler
    A. Paul Victor
    Dewey & LeBoeuf LLP
    1301 Avenue of the Americas
    New York, NY 10019
    Telephone: (212) 259-8000
    Facsimile: (212) 259-7013

    Attorneys for Defendant Panasonic
    Corporation of North America

ORDER

The above stipulation is ORDERED APPROVED.

ORDER DATED: _Jan 18 - 09_

_____
Hon. Madeline Cox Arleo, U.S.M.J.

5

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ____New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA; TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

        Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  SAMSUNG ELECTRONICS CO., LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ____20____ days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____      _____

CLERK                            DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

       Plaintiff,

   v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA; TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

       Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  SAMSUNG SDI CO., LTD

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____
CLERK

_____
(By) DEPUTY CLERK

_____
DATE

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___ _____

|  |  |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA;  TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>           Defendants | **SUMMONS IN A CIVIL ACTION**<br><br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  SAMSUNG ELECTRONICS AMERICA, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

    Lisa J. Rodriguez
    Trujillo Rodriguez & Richards, LLC
    8 Kings Highway West
    Haddonfield, NJ 08033
    (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

           Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA;  TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

           Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
          Trujillo Rodriguez & Richards, LLC
          8 Kings Highway West
          Haddonfield, NJ 08033
          (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____     _____
CLERK                                   DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___ New Jersey _____

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

        Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant) MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

        Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___ 20 ___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

                     _____
                     DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  MT PICTURE DISPLAY CORP. of AMERICA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)
Lisa J. Rodriguez
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____            _____
CLERK                                                DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ____New Jersey_____

| | |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.; <br><br> Defendants | **SUMMONS IN A CIVIL ACTION** <br><br><br> CASE NUMBER: |

TO: (Name and address of Defendant)  PANASONIC CORPORATION of NORTH AMERICA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____      _____

CLERK                              DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

        Plaintiff,

       v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

        Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  **TOSHIBA CORPORATION**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

    Lisa J. Rodriguez
    Trujillo Rodriguez & Richards, LLC
    8 Kings Highway West
    Haddonfield, NJ 08033
    (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

      Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA;  TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

      Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  TOSHIBA AMERICA CONSUMER PRODUCTS, LLC

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)    Lisa J. Rodriguez
                Trujillo Rodriguez & Richards, LLC
                8 Kings Highway West
                Haddonfield, NJ 08033
                (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                 DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

      Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA;  TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

      Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  ORION AMERICA, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
           Trujillo Rodriguez & Richards, LLC
           8 Kings Highway West
           Haddonfield, NJ 08033
           (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____
CLERK

_____
(By) DEPUTY CLERK

_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ____New Jersey____

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

      Plaintiff,

   v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

      Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  ORION ELECTRIC CO., LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)    Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

DATE _____

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

       Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA;  TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

       Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  ROYAL PHILIPS ELECTRONIC N.V.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ____20_____ days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____      _____
CLERK                       DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___ New Jersey _____

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

      Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

      Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant) PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___ 20 ___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____      _____

CLERK                           DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  LG ELECTRONICS INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

Lisa J. Rodriguez
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                                    DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

          Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA; TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

          Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant) LG ELECTRONICS U.S.A., INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
          Trujillo Rodriguez & Richards, LLC
          8 Kings Highway West
          Haddonfield, NJ 08033
          (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____    _____

CLERK                                    DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

|  |  |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>      Defendants | **SUMMONS IN A CIVIL ACTION**<br><br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  LP DISPLAYS INTERNATIONAL LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                       DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

        Plaintiff,

        v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA; TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

        Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  CHUNGHWA PICTURE TUBES, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
          Trujillo Rodriguez & Richards, LLC
          8 Kings Highway West
          Haddonfield, NJ 08033
          (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ____New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

       Plaintiff,

       v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA;  TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

       Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  TATUNG COMPANY of AMERICA, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)
    Lisa J. Rodriguez
    Trujillo Rodriguez & Richards, LLC
    8 Kings Highway West
    Haddonfield, NJ 08033
    (856) 795-9002

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

_____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA;  TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  TPV TECHNOLOGY LTD., Co.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

Lisa J. Rodriguez
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __New Jersey__

| | |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>       Defendants | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  TPV INTERNATIONAL (USA), INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;

        Defendants

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  HITACHI, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____

CLERK                                  DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___ New Jersey _____

| | |
|---|---|
| ROYAL DATA SERVICES, INC., on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT PICTURE DISPLAY CORP. of AMERICA; PANASONIC CORPORATION of NORTH AMERICA;  TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION AMERICA, INC.; ROYAL PHILIPS ELECTRONIC N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI ASIA, LTD.;<br><br>      Defendants | **SUMMONS IN A CIVIL ACTION**<br><br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  HITACHI AMERICA, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)
      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___ 20 ___ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of __ New Jersey _____

ROYAL DATA SERVICES, INC., on behalf of itself and all others
similarly situated,

       Plaintiff,

     v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SDI CO.,
LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.;
MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.; MT
PICTURE DISPLAY CORP. of AMERICA; PANASONIC
CORPORATION of NORTH AMERICA; TOSHIBA
CORPORATION; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; ORION ELECTRIC CO., LTD., ORION
AMERICA, INC., ROYAL PHILIPS ELECTRONIC N.V.;
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;
LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.; LP
DISPLAYS INTERNATIONAL LTD.; CHUNGHWA PICTURE
TUBES, LTD.; TATUNG COMPANY of AMERICA, INC.; TPV
TECHNOLOGY LTD., Co.; TPV INTERNATIONAL (USA), INC.;
HITACHI, LTD.; HITACHI AMERICA, LTD.; and HITACHI
ASIA, LTD.;

       Defendants

**SUMMONS IN A
CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)  HITACHI ASIA, LTD

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and
address)    Lisa J. Rodriguez
           Trujillo Rodriguez & Richards, LLC
           8 Kings Highway West
           Haddonfield, NJ 08033
           (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. Any answer that you serve on the
parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

_____      _____

CLERK                        DATE

_____

(By) DEPUTY CLERK

A CERTIFIED TRUE COPY

MAR 1 4 2008

ATTEST [signature]
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 27 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL No. 1917

C 07-5944 SC

(SEE ATTACHED SCHEDULE)

**FILED**

MAR 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On February 15, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Samuel Conti.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the action previously transferred to the Northern District of California and assigned to Judge Conti.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of February 15, 2008, and, with the consent of that court, assigned to the Honorable Samuel Conti.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

[signature]

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By [signature]
Deputy Clerk
Date 03/18/08

**IN RE: CATHODE RAY TUBE (CRT)**
**ANTITRUST LITIGATION**

MDL No. 1917

### SCHEDULE CTO-1 - TAG-ALONG ACTIONS

| <u>DIST. DIV. C.A. #</u> | <u>CASE CAPTION</u> |
|---|---|

**ARKANSAS WESTERN**
ARW 5 08-5013      Jerry Cook v. Chunghwa Picture Tubes, Ltd., et al.

**ARIZONA**
AZ 2 08-55      Brian A. Luscher, et al. v. Chunghwa Picture Tubes, Ltd., et al.

**MINNESOTA**
MN 0 07-4889      Wettstein & Sons, Inc., etc. v. Chunghwa Picture Tubes, Ltd., et al.
MN 0 08-160      Barry Kushner, et al. v. Chunghwa Picture Tubes, Ltd., et al.

**NEW JERSEY**
NJ 2 07-5713      Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al.
NJ 2 08-39      Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.
NJ 2 08-86      OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.

**NEW YORK SOUTHERN**
NYS 1 07-10664      Arch Electronics, Inc. v. LG Electronics, Inc., et al.
NYS 1 07-10674      Meijer, Inc., et al. v. LG Electronics, Inc., et al.
NYS 1 07-11203      Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

**OHIO NORTHERN**
OHN 1 08-62      Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

**SOUTH CAROLINA**
SC 4 07-4175      Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al.

**TENNESSEE EASTERN**
TNE 2 08-11      Charles Benson v. Chunghwa Picture Tubes, Ltd., et al.

**VERMONT**
VT 2 08-5      Margaret Slagle v. Chunghwa Picture Tubes, Ltd., et al.



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

18 March 2008

U.S. District Court
William T. Walsh, Clerk
50 Walnut Street, 4th Floor
Newark, NJ 07102

Re:  MDL 1917 In re Cathode Ray Tube (CRT) Antitrust Litigation

Title of Case(s)
*Royal Data Services, Inc. -v- Samsung Electronics Co., Ltd., et al*

Your Case Number(s)
C.A. No. 08-0039 ✓

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: MDL Clerk

If the case is an electronic case filing please do one of the following: 1) electronically transfer the case via ECF by contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov; 2) e-mail the PDF documents, as separate PDF files, including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov; 3) provide the PDF documents on a disc; or 4) provide us with a temporary log in and a password to directly access your database to expedite the downloading of the PDF files we need and/or require, We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*L. C. Santor*

For Simone Voltz
Deputy Clerk

Encl.